Gregory S. Gewirtz
Kier J. LoIacono
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax:  908.654.7866

*Attorneys for Plaintiff Bell'O International Corp.*

**Document Filed Electronically**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BELL'O INTERNATIONAL CORP., | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| PLANET 3, LLC and YALE SPITZER, | : |
| Defendants. | : |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Bell'O International Corp. ("Bell'O"), through its undersigned counsel, hereby alleges and avers as follows for its complaint against Defendants Planet 3, LLC ("Planet 3") and Yale Spitzer ("Spitzer").

### JURISDICTION AND VENUE

1.      This is a civil action arising under the Patent Laws of the United States, Title 35 of the United States Code.  This action also arises under the United States Trademark Act, Title 15 of the United States Code.  Further, this action involves claims based on acts of unfair competition pursuant to common law and New Jersey statute, which are joined with the substantially related claims under the Patent Laws and the Trademark Act.  The patent, trademark and unfair competition claims form part of the same case or controversy pursuant to

993469_1.DOC

Article III of the United States Constitution.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367, and 15 U.S.C. § 1121.

2. This also is an action between companies and an individual of different states in which the amount in controversy exceeds seventy five thousand dollars ($75,000), exclusive of interest and costs.  Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. This Court has personal jurisdiction over Defendants because they have minimum contacts within the State of New Jersey, have purposefully availed themselves of the benefits of conducting business in New Jersey, and have committed acts of patent infringement, trademark infringement and unfair competition within New Jersey.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Bell'O International Corp. is a Delaware corporation having a place of business at 711 Ginesi Drive, Morganville, New Jersey 07751-1235.

6. Upon information and belief, Defendant Planet 3, LLC is an Illinois limited liability company having a place of business at 151 S. Pfingsten Rd., Suite D, Deerfield, Illinois 60015.

7. Upon information and belief, Defendant Yale Spitzer owns and controls Planet 3, LLC, resides within the state of Illinois and has a business address at 51 S. Pfingsten Rd., Suite D, Deerfield, Illinois 60015.

## BACKGROUND FACTS

8. For over twenty (20) years, Bell'O has been a leading provider of high quality ready to assemble furniture and accessories used primarily with home theater, audio and video products.

9. Among the furniture products imported, marketed and sold by Bell'O are well known audio towers, cabinets and television stands sold under Bell'O's model nos. ATC-2501, AVS-2601, AT-2567 and PVS-4218, and which are covered by Bell'O's U.S. Design Patent Nos. D492,860; D508,172; D527,208; and D564,260, copies of these design patents are collectively attached as Exhibit A.

10. Other well known furniture designs that are imported, marketed and sold by Bell'O are Bell'O model nos. AT-484 and AVSC-2500.

11. Bell'O has achieved a strong reputation as an innovator in furniture design and a company associated with high quality furniture products in the home theater and audio/video furniture industry. Thus, Bell'O has achieved substantial goodwill in connection with the look of its furniture products in the home theater and audio/video furniture industry.

12. Bell'O has made continuous and extensive use of its foregoing furniture designs through its marketing and sales programs.

13. U.S. Design Patent No. D492,860 ("the '860 Patent") issued on July 13, 2004, identifying Luciano Bertoncini as the inventor and Bell'O as the assignee.

14. U.S. Design Patent No. D508,172 ("the '172 Patent") issued on August 9, 2005, identifying Mario Malizia as the inventor and Bell'O as the assignee.

15. U.S. Design Patent No. D527,208 ("the '208 Patent") issued on August 29, 2006, identifying Mario Malizia as the inventor and Bell'O as the assignee.

16. U.S. Design Patent No. D564,260 ("the '260 Patent") issued on March 18, 2008, identifying Phil deCarolis as the inventor and Bell'O as the assignee.

17. Defendants have intentionally copied the ornamental appearance of numerous furniture products sold by Bell'O, including at least ATSC-2501, AVS-2601, AT-2567 and PVS-4218, which are protected by the foregoing U.S. design patents.

18. Defendants have also intentionally copied the ornamental appearance of Bell'O's furniture products sold under Bell'O model nos. AT-484 and AVSC-2500.

19. In particular, the following chart identifies knockoff furniture products sold by Defendants along with Bell'O's corresponding authentic furniture designs:

| Planet 3 Model No. | Bell'O Model No. |
| --- | --- |
| 55197 | ATC-2501 |
| 55228 | AVS-2601 |
| 66170 | AT-2567 |
| 55234 | PVS-4218 |
| 66171 | AT-484 |
| 55196 | AVSC-2500 |

Photocopies of pictures of Planet 3's six accused furniture products at issue in this Complaint are attached as Exhibit B.  Photocopies of pictures of Bell'O's six authentic furniture products at issue in this Complaint are attached as Exhibit C.

20. Defendants systemic and intentional copying of Bell'O's furniture products has willfully infringed Bell'O's trade dress in its furniture products and is an attempt to trade on Bell'O's goodwill, which has resulted in damage to the reputation and goodwill of Bell'O.

**FIRST CLAIM FOR RELIEF**
**Infringement Of The '860 Patent**

21. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

22. Upon information and belief, under 35 U.S.C. § 287, Defendants have made, advertised, offered to sell, used, imported and sold containers that infringe the claim of the '860 Patent.

23. Upon information and belief, the foregoing acts of patent infringement by Defendants are ongoing.

24. The foregoing acts of patent infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, immediate and irreparable damage to Bell'O.

25. Defendants' foregoing acts of patent infringement have been without authority or a license from Bell'O.

26. Upon information and belief, Defendants' infringement of the '860 Patent has been willful and continues to be willful. As a result, Bell'O is entitled to increased damages under 35 U.S.C. § 284, and to attorney' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27. Defendants' infringement of Bell'O's exclusive rights under the '860 Patent will continue to damage Bell'O, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### Infringement Of The '172 Patent

28. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

29. Upon information and belief, under 35 U.S.C. § 287, Defendants have made, advertised, offered to sell, used, imported and sold containers that infringe the claim of the '172 Patent.

30. Upon information and belief, the foregoing acts of patent infringement by Defendants are ongoing.

31. The foregoing acts of patent infringement by Defendants have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable damage to Bell'O.

32. Defendants' foregoing acts of patent infringement have been without authority or a license from Bell'O.

33. Upon information and belief, Defendants' infringement of the '172 Patent has been willful and continues to be willful. As a result, Bell'O is entitled to increased damages under 35 U.S.C. § 284, and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34. Defendants' infringement of Bell'O's exclusive rights under the '172 Patent will continue to damage Bell'O, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### Infringement Of The '208 Patent

35. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

36. Upon information and belief, under 35 U.S.C. § 287, Defendants have made, advertised, offered to sell, used, imported and sold containers that infringe the claim of the '208 Patent.

37. Upon information and belief, the foregoing acts of patent infringement by Defendants are ongoing.

38. The foregoing acts of patent infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, immediate and irreparable damage to Bell'O.

39. Defendants' foregoing acts of patent infringement have been without authority or a license from Bell'O.

40. Upon information and belief, Defendants' infringement of the '208 Patent has been willful and continues to be willful. As a result, Bell'O is entitled to increased damages

under 35 U.S.C. § 284, and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.     Defendants' infringement of Bell'O's exclusive rights under the '208 Patent will continue to damage Bell'O, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### Infringement Of The '260 Patent

42.     Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

43.     Upon information and belief, under 35 U.S.C. § 287, Defendants have made, advertised, offered to sell, used, imported and sold containers that infringe the claim of the '260 Patent.

44.     Upon information and belief, the foregoing acts of patent infringement by Defendants are ongoing.

45.     The foregoing acts of patent infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, immediate and irreparable damage to Bell'O.

46.     Defendants' foregoing acts of patent infringement have been without authority or a license from Bell'O.

47.     Upon information and belief, Defendants' infringement of the '260 Patent has been willful and continues to be willful.  As a result, Bell'O is entitled to increased damages under 35 U.S.C. § 284, and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

48.     Defendants' infringement of Bell'O's exclusive rights under the '260 Patent will continue to damage Bell'O, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court

## FIFTH CLAIM FOR RELIEF

### Trademark Infringement Of Bell'O's Furniture Design (Model No. ATC-2501) Under Section 43(a) Of The Lanham Act

49.     Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

50.     Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 55197 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. ATC-2501 furniture product.

51.     Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product.  Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

52.     As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. ATC-2501 product.

53.     Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 55197 product.

54. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

## SIXTH CLAIM FOR RELIEF

### Trademark Infringement Of Bell'O's Furniture Design (Model No. ATC-2601) Under Section 43(a) Of The Lanham Act

55. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

56. Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 55228 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. ATC-2601 furniture product.

57. Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product. Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

58. As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. ATC-2601 product.

59. Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 55228 product.

60. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

## SEVENTH CLAIM FOR RELIEF

### Trademark Infringement Of Bell'O's Furniture Design (Model No. ATC-2567) Under Section 43(a) Of The Lanham Act

61. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

62. Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 66170 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. AT-2567 furniture product.

63. Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product. Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

64. As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. ATC-2567 product.

65. Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 66170 product.

66. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

### EIGHTH CLAIM FOR RELIEF

### Trademark Infringement Of Bell'O's Furniture Design (Model No. PVS-4218) Under Section 43(a) Of The Lanham Act

67. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

68. Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 55234 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. PVS-4218 furniture product.

69. Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product. Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

70. As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. PVS-4218 product.

71. Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 55234 product.

72. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

## NINTH CLAIM FOR RELIEF

### Trademark Infringement Of Bell'O's Furniture Design (Model No. AT-484) Under Section 43(a) Of The Lanham Act

73. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

74. Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 66171 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. AT-484 furniture product.

75. Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product. Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

76. As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. AT-484 product.

77. Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 66171 product.

78. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

### TENTH CLAIM FOR RELIEF

**Trademark Infringement Of Bell'O's Furniture Design
(Model No. AVSC-2500) Under Section 43(a) Of The Lanham Act**

79. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

80. Upon information and belief, Defendants' advertisement, promotion and offer for sale of their model no. 55196 furniture product is likely to cause confusion, or to cause a mistake, or to deceive customers as to their affiliation, connection or association with Bell'O's trade dress associated with Bell'O's authentic model no. AVSC-2500 furniture product.

81. Defendants' activities were willful and were done with full knowledge of the falsity of the origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' product. Further, Defendants have copied the look of Bell'O's authentic furniture product in order to take advantage of the high quality reputation that consumers associate with Bell'O's authentic product.

82. As a result of the likelihood of confusion that now exists in the marketplace, Bell'O has suffered irrefutable damage to its goodwill and reputation and has lost sales of its model no. AVSC-2500 product.

83. Defendants have made substantial profits based on their unauthorized sales of their infringing model no. 55196 product.

84. Bell'O has suffered irreparable harm based on Defendants' above unauthorized acts and unless Defendants are enjoined by this Court from continuing their infringement of Bell'O's trade dress, the irreparable harm to Bell'O will continue and increase.

## ELEVENTH CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. 56:4-1

85. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

86. Defendants' unauthorized, deceptive and improper use of Bell'O's trade dress in connection with the six accused furniture products for Defendants' own use and benefit, constitutes acts of unfair competition that have harmed Bell'O and its goodwill in violation of N.J.S.A. 56:4-1.

87. Bell'O has been, and will continue to be, irreparably harmed by Defendants' conduct unless Defendants' unauthorized acts are enjoined by this Court.

## TWELFTH CLAIM FOR RELIEF
### Unfair Competition Under Common Law

88. Bell'O reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

89. Defendants' unauthorized, deceptive and improper use of Bell'O's trade dress in connection with the six accused furniture products for Defendants' own use and benefit, constitutes acts of unfair competition that have harmed Bell'O and its goodwill in violation of the common law.

90. Bell'O has been, and will continue to be, irreparably harmed by Defendants' conduct unless Defendants' unauthorized acts are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Bell'O respectfully requests the following relief:

      A.      An adjudication that Defendants have infringed the claims of the '860 Patent;

      B.      An adjudication that Defendants have infringed the claims of the '172 Patent;

      C.      An adjudication that Defendants have infringed the claims of the '208 Patent;

      D.      An adjudication that Defendants have infringed the claims of the '260 Patent;

      E.      A declaration that Defendants willfully infringed the foregoing U.S. design patents;

      F.      An adjudication that Defendants have infringed Bell'O's trade dress and have engaged in acts of unfair competition through their willful copying of Bell'O's furniture designs.

      G.      A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, along with their officers, agents, servants, employees, attorneys, and those in active concert and participation with them from manufacturing, advertising, offering for sale, using, importing and selling furniture products that infringe any claim of the foregoing U.S. design patents;

      H.      A monetary award to Bell'O for its lost profits or a reasonable royalty based on Defendants' infringement of the foregoing design patents;

      I.      A monetary award to Bell'O for infringement of its design patents under 35 U.S.C. § 289;

      J.      A monetary award to Bell'O for enhanced damages up to and including trebling of Bell'O's damage pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement;

      K.      A monetary award to Bell'O of its costs and reasonable attorney fees associated with this action pursuant to 35 U.S.C. § 285 due to exceptional nature of this action;

      L.      A monetary award to Bell'O based on Defendants' acts of tradedress infringement and unfair competition in connection with the sale of the six Planet 3 products discussed above,

as well as an award of costs and reasonable attorneys' fees associated with this action due to Defendants' acts of unfair competition; and

  M. Any further relief that this Court deems just and proper.

## JURY DEMAND

  Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by a jury on all issues so triable.

            Respectfully submitted,

            LERNER, DAVID, LITTENBERG,
             KRUMHOLZ & MENTLIK, LLP
            *Attorneys for Plaintiff Bell'O International Corp.*

Dated: March 26, 2009      By: s/ Gregory S. Gewirtz
              Gregory S. Gewirtz
              Tel: 908.654.5000
              E-mail: ggewirtz@ldlkm.com
                  litigation@ldlkm.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

  The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: March 26, 2009      LERNER, DAVID, LITTENBERG,
             KRUMHOLZ & MENTLIK, LLP
            *Attorneys for Plaintiff Bell'O International Corp.*

            By: s/ Gregory S. Gewirtz
              Gregory S. Gewirtz
              Tel: 908.654.5000
              E-mail: ggewirtz@ldlkm.com
                  litigation@ldlkm.com